[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
STATEMENT OF THE CASE
This dispute arose out of the demutualization of Anthem Blue Cross and the subsequent distribution of a block of stock shares to the Town of Wallingford. The town received these shares by virtue of its being a policy holder with Anthem. On that policy, it covered various town employee groups. Its collective bargaining agreement with the defendant union required union member participants to pay a percentage of the total premium paid by the town.
The union seeks arbitration under the bargaining agreement, claiming an interest in the stock issued to the town. The town takes the position that this is not a contract dispute and that it is not subject to arbitration.
The union relies on this language of Article 5, Section 1:
 Should any employee or group of employees feel aggrieved concerning his wages, hours or conditions of employment, which wages, hours or conditions are controlled by this agreement, adjustment shall be sought by grievance and arbitration.
The union argues that the town's refusal to grant it a portion of the stock issue violates the insurance provisions of the bargaining agreement.
In this action, the town seeks a declaratory judgment that the union's grievance and accompanying claims are not arbitrable.
At the hearing held prior to the submission of briefs, the union argued that the town has waived its right to object to arbitration, and that the arbitrators are the proper authorities to determine arbitrability. CT Page 1938
 DISCUSSION I
The bargaining agreement addresses arbitration as follows:
 Said [Connecticut State] Board [of Mediation and Arbitration] shall hear and act on such dispute in accordance with its rules and render a decision which shall be final and binding on all parties, provided, however, that the full legal rights of the parties in the courts shall not be restricted in any way and that said Board shall not modify, alter, add to or subtract from, the provisions of this Agreement . . .
(Article 5, Section 1c) and,
 In the event the Connecticut State Board of Mediation and Arbitration has not scheduled a hearing before its panel within thirty (30) days of the filing of the grievance, either party may direct the grievance to the American Arbitration Association.
(Article 5, Section 1d.)
After the union filed for arbitration under Section 1c, supra, and absent a hearing being scheduled under Section 1d, the town filed for arbitration before the AAA, expressly challenging therein the union's claim this grievance was subject to arbitration. It also requested that the arbitration be stayed until the issue was presented to the Court.
In light of these undisputed facts, the claim of waiver must be rejected.
 II
While it is true, as the union argues, that the bargaining agreement calls for the arbitration process, it is well settled in Connecticut that a party has the right to refuse to subject to arbitration and to resort to the courts for a determination of arbitral authority. White v.Kampner, 229 Conn. 465 (1994).
That case, quoted at length in the town's brief (page 7), compels the conclusion that the town may resort to the Court in this situation.
 III CT Page 1939
Finally, the court turns to the question of arbitrability of the particular grievance. Referring to the town's refusal to consider it as a beneficiary of the Anthem stock issue, the union claims this is a violation of the insurance provisions of the agreement in these words, proposing "transfer of stock ownership":
 by [the Town's] taking a position stating that the Union is not part of the medical group and therefore not entitled to any reimbursement, monetary or otherwise, as a result of the demutualization of Anthem Blue Cross.
Article 18, Section 1 addresses insurance:
 The TOWN shall provide and pay for the following hospital and medical insurance for all employees and their eligible family members. Effective July 1, 1997, each employee shall continue to pay 3.5% of the premium for his respective coverage (individual, 2-person or family) on health insurance; this payment by the employee shall be by deduction from the employee's weekly paycheck.
 Participation in the plan, as stated below, shall be mandatory without an option to leave the plan during open enrollment periods offered by other carriers for the duration of this contract.
 a) Blue Cross Blue Shield Century Preferred Municipal Plus Plan with a $10.00 co-pay in accordance with the Plan.
b) Blue Cross Full Service Dental (no riders).
The grievance and the prayer for relief are totally distinct and separate from what the town has agreed to do under Article 18. There is no claim it violated that clause in any way. Obviously, the unanticipated change in Anthem's corporate status could not have been contemplated by the parties.
The court can find no controversy arising out of this contract to satisfy Sections 52-408 and 409. Neither during the hearing, nor in its Memorandum of Law, has the union answered the court's question as to what part of the contract gave it a right to the proceeds of Anthem's stock issue.
 CONCLUSION
The Application to Proceed with Arbitration is denied and this grievance is declared to be non-arbitrable.
Anthony V. DeMayo
Judge Trial Referee CT Page 1940
[EDITORS' NOTE: This page is blank.] CT Page 1941